PEOPLE, PLAINTIFF AND APPELLEE, v. FALCÓN, DEFENDANT
AND APPELLANT.

Appeal from the District Court of San Juan in a Prosecu-
tion for Violation of Sanitation Bulletin No. 28.

No. 1430.—Decided December 2, 1919.

SANITATION—PERMIT TO BUILD.—The replacing of some old boards of the floor
and walls of a building and the painting of the latter is not in violation of
section 2 of Sanitation Bulletin No. 28 which requires the previous submis-
sion of a plat in triplicate and its approval by the Department of Sanita-
tion for the erection or reconstruction of buildings. .

The facts are stated in the opinion.

Mr. Carlos V. Urrutia for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Isidro Falcón was prosecuted in the Municipal Court of
Bayamón for a violation of section 2 of Sanitation Bulletin
No. 28 in that on May 17, 1918, at No. 313 Comerío Street
of that town, he wilfully and maliciously repaired a building
owned or managed by him without having submitted to the
Department of Sanitation a plan in triplicate of the said
repairs and without having obtained a permit from the said
department.

Section 2 of the Sanitation Bulletin cited in the complaint
reads as follows:

"Section 2.—After the promulgation of this Bulletin no buildings
shall be erected or reconstructed in the Island of Porto Rico without
first submitting to the Department of Sanitation a plan in triplicate
of the said work.   *   *   *   The Department of Sanitation will ap-
prove the said plats, or in proper cases, make such objections as are
necessary agreeably to the sanitation rules in force, within a reason-
able time.   The work shall not be begun without first obtaining the
final approval of the said plats.   *   *   *"

After a trial on appeal to the District Court of San Juan,
Section 2, that court entered judgment on December 30, 1918,
convicting Isidro Falcón of a violation of the sanitation laws

in having repaired a building owned by him without a permit and sentenced him to pay a fine of $15 or, in default of payment, to one day's imprisonment for each dollar, and the costs, from which judgment Falcón appealed to this court.

The appellant and also the *fiscal* ask for the reversal of the judgment because of lack of evidence of the violation of the said regulation.

We have examined the evidence admitted at the trial and it shows that the accused only painted the walls of his house and replaced some old boards of the walls and floor. Neither in grammatical nor legal language do these acts amount to the construction or reconstruction of a building which makes it obligatory to submit a plan in triplicate to the Department of Sanitation and to obtain its approval before the work is begun.

In this case it was unnecessary to submit any plan to the Department of Sanitation for the reason that painting and replacing some old boards are works which are not subject to the sanitary rules.

The judgment appealed from must be reversed and the appellant discharged, without costs.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.